IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02531-REB-MEH

ESTATE OF JIMMA PAL REAT;
JAMES PAL REAT;
REBECCA AWOK DIAG;
RAN PAL;
CHANGKUOTH PAL;
JOSEPH KOLONG;

    Plaintiffs,

v.

JUAN JESUS RODRIGUEZ, individually, and;
CITY AND COUNTY OF DENVER;

    Defendants.

---

# ORDER ON MOTION TO STAY

---

Pending before the Court is Defendants' Motion to Stay Discovery [filed November 30, 2012; docket #46]. The Motion is referred to this Court for disposition. (Docket #46.) The matter is fully briefed, and the Court has determined that oral argument would not materially assist its adjudication of the Motion. For the reasons that follow, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

**I.**    **Background**

Plaintiffs initiated this action against Defendants Juan Jesus Rodriguez ("Rodriguez") and the City and County of Denver ("the City") on September 24, 2012. The following day, the Court granted a joint motion to stay the action through October 3, 2012, pending settlement negotiations. (Docket #13.) In the interim, Plaintiffs filed an amended complaint asserting five

claims for relief: (1) violation of due process and equal protection under the Fourteenth Amendment against Mr. Rodriguez; (2) deliberately indifferent policies, practices, customs, training, supervision, ratification, and acquiescence against the City; (3) wrongful death against Mr. Rodriguez; (4) negligent infliction of emotional distress against Mr. Rodriguez; and (5) intentional infliction of emotional distress against Mr. Rodriguez.

Unable to reach an agreement during settlement negotiations, Defendants each moved to dismiss Plaintiffs' amended complaint on November 30, 2012. (Dockets ##45, 47.) In conjunction with their respective motions to dismiss, Defendants filed the pending Motion to Stay Discovery. (Docket #46.) Shortly thereafter, Plaintiffs filed a Substituted First Amended Complaint asserting the same claims as the Amended Complaint. (Docket #59.) In the interest of clarity, the Court accepted the pleading as filed and denied Defendants' motions to dismiss as moot. (Docket #61.)

Pursuant to the Court's instructions, the City filed its pending motion to dismiss on December 24, 2012, and Mr. Rodriguez did likewise on January 3, 2013. (Dockets ##62, 66.) Both motions were referred to this Court for recommendation. (Dockets ##63, 67.) Mr. Rodriguez's pending motion to dismiss asserts an entitlement to qualified immunity regarding Plaintiffs' Fourteenth Amendment claim and invokes the protections of the Colorado Governmental Immunity Act regarding Plaintiffs' state law claims. Though the City is not entitled to (and does not seek) immunity, it contends that Plaintiffs' deliberate indifference claim should be dismissed. In this way, both the City and Mr. Rodriguez seek to dispose of the action in its entirety. Thus, their pending Motion to Stay Discovery argues that discovery should not proceed until the District Court has ruled on their respective motions to dismiss.

In response to Defendants' Motion, Plaintiffs agree that qualified immunity protects Mr. Rodriguez from some of the burdens of discovery. However, they seek several categories of discovery regarding Mr. Rodriguez's assertion of immunity as set forth his motion to dismiss. Additionally, Plaintiffs argue that all discovery pertaining to the City should go forward. Alternatively, Plaintiffs seek limited discovery as set forth in their response.

**II.    Legal Standard**

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an

assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id*. at 643-44.

In this District, a stay of all discovery is generally disfavored. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). While a stay may be appropriate if the "resolution of a preliminary motion may dispose of the entire action" (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted), the Court is reluctant to impose an indefinite stay of proceedings pending resolution of motions that leave open the possibility of future litigation. *See Chavez*, 2007 WL 683973 at *3.

In determining whether to impose a stay, the following five factors guide the Court's analysis:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

### III. Discussion

Defendants' Motion asks the Court to stay all discovery and proceedings pending the resolution of the motions to dismiss. Conversely, Plaintiffs seek limited discovery pertaining to Mr. Rodriguez's assertion of immunity, as well as full discovery from the City. If the Court

4

determines that full discovery from the City is not warranted, Plaintiffs alternatively request discovery in several discrete categories identified in their response. In evaluating the extent to which a stay is appropriate in this case, the Court will consider each Defendant in turn.

     A.     <u>Discovery Regarding Mr. Rodriguez</u>

Although Plaintiffs concede that Mr. Rodriguez must be protected from the full burdens of discovery until Judge Blackburn has resolved the question of qualified immunity, they argue that discovery relating to the immunity defense is warranted. Their response to Defendants' Motion to Stay sets forth several areas of discovery Plaintiffs' believe are relevant to this inquiry. In the same brief, however, Plaintiffs contend that there is adequate information available to the Court to overcome Mr. Rodriguez's assertion of qualified immunity without additional discovery. (*See* docket #69 at 2.)

Following two extensions of time and a generous augmentation of Judge Blackburn's page limitations[1], Plaintiffs submitted their responses to Defendants' respective motions to dismiss on January 18, 2013. (Dockets ##72, 73.) Though Plaintiffs sought additional time and many additional pages within which to construct their responses, they did not seek to delay all briefing until discovery could be accomplished. (*See* docket #48.) In the Court's view, Plaintiffs' 45-page response to Mr. Rodriguez's motion to dismiss, coupled with Plaintiffs' implied and explicit concessions that discovery on the immunity question is not necessary, render Plaintiffs' request for limited discovery against Mr. Rodriguez moot at this time. As

---

[1]Despite opposition from Mr. Rodriguez, the Court permitted Plaintiffs to exceed Judge Blackburn's presumptive page limitations by almost 30 pages in responding to Mr. Rodriguez's motion to dismiss. (*See* docket #71.)

such, the Court concludes Mr. Rodriguez is entitled to a stay of all discovery pending Judge Blackburn's resolution of his motion to dismiss.

### B. Discovery Regarding the City

Defendants argue that requiring the City to proceed with discovery would, in effect, undermine the discovery protections afforded to Mr. Rodriguez. In support of this position, Defendants cite the Supreme Court's dicta in *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) regarding the purpose of qualified immunity. The Court agrees with Plaintiffs that the reasons cited in *Iqbal* do not apply with equal force in this case.

In *Iqbal*, the Court explained that qualified immunity is intended, in part, to mitigate the "heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government." *Id*. Recognizing the practical realities of litigation, the Court speculated that even if qualified immunity relieved an official of his or her immediate discovery obligations, the discovery process requires some oversight on the part of the official's counsel to ensure the case does not go awry. *Id*. at 685-86. Thus, the Court indicated that allowing the discovery to continue as to the entity would undermine the purpose of the doctrine.

In the case, there is no risk that requiring the City to proceed with discovery will hinder Mr. Rodriguez's ability to perform his work as a public servant, because the City terminated Mr. Rodriguez's employment following the incident giving rise to this lawsuit. As Plaintiffs note, Mr. Rodriguez's termination materially distinguishes this case from the situation contemplated in *Iqbal*, namely, whether a sitting attorney general should be subjected to the burdens of discovery during "a national and international security emergency." *See id.* at 685. The Court

agrees that the *Iqbal* remarks are not persuasive in this context and finds that a stay of all discovery is not mandated at this time.

*Iqbal* aside, the Court turns its attention to the *String Cheese* factors. Beginning with the first, Plaintiffs assert a strong interest in proceeding expeditiously with the litigation. As evidence of this interest, Plaintiffs cite their particularly prompt filing of this lawsuit. Plaintiffs also ask the Court to consider the exceptionally traumatic events precipitating their claims.

In consideration of these arguments, the Court agrees that Plaintiffs have articulated reasons beyond those common to all plaintiffs for proceeding with more deliberate speed. Several of the named Plaintiffs, including Ran Pal, Changkouth Pal, and Joseph Kolong, were passengers in the vehicle during the shooting and death of Jimma Reat. (Docket #59 at ¶ 2.) Given the nature of the events they witnessed, the Court appreciates both the necessity of their testimony and the likelihood that their memory may be compromised in unique ways. The Court is persuaded that excessive delay of the proceedings may effect the ability of all parties to achieve a fair and just resolution of Plaintiffs' claims. Thus, the first factor weighs against a stay.

With respect to the second factor, Defendants argue that proceeding with discovery while the motions to dismiss are pending would subject them to a potentially wasteful expenditure of time and resources. There is no question that Judge Blackburn's decision to grant Defendants' respective motions would dispose of this litigation entirely. Therefore, the Court agrees that requiring Defendants to engage in a process that may later prove unnecessary imposes a burden on Defendants. The second factor weighs in favor of a stay.

Regarding the third factor, Defendants argue that the Court faces similar inconvenience in adjudicating discovery disputes that may arise during the pendency of the motions to dismiss. Though Plaintiffs express confidence that the parties will be able to resolve their discovery disputes without the Court's assistance, their track record suggests otherwise. In light of the parties' apparent inability to reach a consensus regarding fairly innocuous procedural issues (i.e. page limitations [docket #68] and document restriction [docket #41]), the Court anticipates that more substantive discovery will require the Court's active oversight. In the event that Judge Blackburn dismisses the case, the Court's resources would not be well spent resolving discovery disputes that are ultimately unnecessary. Thus, the third factor weighs in favor of a stay.

With respect to the fourth factor, neither Plaintiffs nor Defendants identify any specific interests of non-parties. The Court also observes no clear impact on non-parties. Thus, the fourth factor weighs neutrally.

There is considerably more dispute regarding the general public interest in proceeding with the litigation. Defendants argue that the burden imposed on the City in participating in discovery also affects the public insofar as Defendants' civil obligations may divert attention and resources away from the ongoing criminal investigation. Plaintiffs counter that the public interest is best served by resolving their claims against the City as soon as possible. Significantly, Plaintiffs assert that the injunctive relief sought in this action is critical to ensuring the safety of all persons who interact with 911 dispatchers under the City's control. In this way, Plaintiffs contend that any delay in the prosecution of this case affects not only the parties, but all persons who may benefit from the proposed policies changes Plaintiffs hope to accomplish. Though the fifth factor is more evenly argued, the Court agrees with Plaintiffs that the element

of injunctive relief strengthens the public's interest in avoiding delay. The fifth factor weighs against a stay.

Numerically, the merits of a stay are equally divided between Plaintiffs and Defendants. Factors one and five weigh against a stay, while factors two and three weigh in favor of one. The neutral fourth factor does not break the tie. Qualitatively, however, the Court believes that Plaintiffs' reasons for proceeding expeditiously outweigh the potential burden on the City in participating in at least some discovery. Thus, the Court is persuaded that a middle position, as proposed by Plaintiffs, strikes the appropriate balance. In particular, the Court finds that Plaintiffs may seek discovery regarding the topics set forth in paragraphs c, f, g, h, i, and j of Plaintiffs' response [docket #69].[2]

**IV.   Conclusion**

For the reasons set forth above, the Court concludes that Mr. Rodriguez is entitled to a stay of all discovery pending the resolution of his motion to dismiss. Though a complete stay will not apply to the City, Plaintiffs may only seek discovery as described in this order. Accordingly, Defendants' Motion to Stay Discovery [filed November 30, 2012; docket #46] is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

---

[2]The Court takes no position on whether the information sought in those paragraphs is discoverable under the Federal Rules. The City may object to all discovery requests when and if they are propounded.

Dated and entered this 4th day of February, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge