**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02531-REB-MEH

ESTATE OF JIMMA PAL REAT,
JAMES PAL REAT,
REBECCA AWOK DIAG,
RAN PAL,
CHANGKUOTH PAL, and
JOSEPH KOLONG,

    Plaintiffs,

v.

JUAN JESUS RODRIGUEZ, individually, and
CITY AND COUNTY OF DENVER,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) **Recommendation of United States Magistrate Judge** [#159],[1] filed May 8, 2014; (2) **Plaintiffs' Objections to Recommendation of United States Magistrate Judge, Doc. #159** [#163], filed May 22, 2014; and (3) defendant the City and County of Denver's **Objection in Part to Recommendation of United States Magistrate Judge [Doc. #159]** [#164], filed May 22, 2014. As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation,

---

[1] "[#159]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

objections, and applicable caselaw.  I overrule plaintiffs' objections, overrule the City's partial objection as moot, adopt the recommendation, and grant the City's motion to dismiss.

The underlying facts of this case are well-known to the parties and are set forth at length in the magistrate judge's recommendation.  Procedurally, I previously granted the City and County of Denver's (the "City") motion to dismiss the claims asserted against it in the First Amended Complaint, finding that plaintiffs had failed to plead facts sufficient to plausibly assert that the City's alleged failure to adequately train Mr. Rodriguez in response to a prior incident was not sufficient to allege that the City was deliberately indifferent to a known danger, as required to impose liability on the City. Specifically, I found that the facts alleged, instead supported an inference that Mr. Rodriguez acted contrary to the official policy and custom of the City in requiring plaintiffs to return to Denver to report the attack.  Moreover, I concluded that, without any allegation that the earlier call involved a constitutional violation at all, "City officials could not have had actual or constructive notice that such incidents were likely to violate the constitutional rights of 911 callers."  (*See* **Order Re: Recommendation of the United States Magistrate Judge** at 10-11 [#111], filed June 17, 2013.)

Following further discovery, plaintiffs sought leave to file an amended complaint in an attempt to assert a viable claim against the City.  The magistrate judge granted that motion, finding that the proposed amendment was neither barred by the law of the case nor futile. (**Order on Motion To Amend** [#142], filed January 17, 2014.) Specifically, under the misapprehension that plaintiffs had attempted to assert a state-

created danger theory of municipal liability (*see id.* at 9), the magistrate judge found that the facts asserted in the proposed amended complaint were sufficient to allege "that Mr. Rodriguez acted recklessly in conscious disregard of a known or obvious risk" and thus plausibly stated a claim for relief (*id.* at 12).

In actuality, however, plaintiffs did not intend to assert a claim based on the state-created danger exception to municipal liability, as confirmed by the motion for leave to amend (*see* **Plaintiffs' Motion for Leave To File Second Amended Complaint with Certificate of Conferral and Request for Oral Argument** at 2 [#137], filed December 19, 2013) (averring that based on discovery, plaintiffs "can now sufficiently plead the elements the court found lacking"); the response to the City's motion to dismiss (*see* **Plaintiffs' Response to Defendant City and County of Denver's Motion To Dismiss Second Amended Complaint** at 2 [#152], filed March 6, 2014 (arguing that "Plaintiffs have sufficiently alleged both an underlying constitutional violation and that the City's deliberately indifferent failures to train and supervise are moving forces behind Plaintiffs' injuries and the death of Jimma Pal Reat")); their present objections (*see* **Plaintiffs' Objection to Recommendation of United States Magistrate Judge, Doc. #159** at 1-2 [#163], filed May 22, 2014 (characterizing plaintiffs' claim as a "training/supervision claim" and arguing that "[t]he Magistrate [Judge] correctly rejected Defendant's attempt to introduce inapplicable entity liability tests" (footnote omitted)); and their response to the City's partial objection to the magistrate judge's recommendation (*see* **Plaintiffs' Response to City's Objection in Part to Recommendation of United States Magistrate Judge [Doc. #159]** at 1

[#167], filed June 3, 2014 (chiding the City for continuing to insist "on the erroneous premise that the danger creation six-factor test" also was applicable to plaintiffs' claims against the City). Instead, the avowed basis for their motion for leave to amend was rooted in a belief that they had discovered sufficient evidence to adequately plead those elements of a failure to train claim that the court previously found lacking.[2]  (**See Plaintiffs' Motion for Leave To File Second Amended Complaint with Certificate of Conferral and Request for Oral Argument** at 2 [#137], filed December 19, 2013.) Plaintiffs therefore can hardly be heard to complain (as they nevertheless do) that the magistrate judge's order granting them leave to amend led them to believe that their claim against the City was unassailable.[3]

Turning to the claim actually pled, the standards for pleading a municipal liability claim are strenuous, and those for asserting a viable failure to train claim particularly so. *See Connick v. Thompson*, – U.S. –, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."). The window of opportunity narrows further in considering circumstances such as these, where liability hinges on the failure to properly train a single employee. *See Board of County Commissioners of Bryan County, Oklahoma v. Brown* 520 U.S. 397, 407-08, 117 S.Ct. 1382, 1391, 137

---

[2] Because plaintiffs have not pled such a claim, the City's objections to that portion of the magistrate judge's recommendation rejecting the City's arguments for dismissal directed toward such a theory are moot, and will be overruled on that basis.

[3] Moreover, the propriety of the magistrate judge's decision is, of course, always subject to review and revision, both by the magistrate judge himself and by this court.

L.Ed.2d 626 (1997).[4]  In this context, plaintiffs must allege facts sufficient to suggest that the failure to train "amounts to deliberate indifference to the rights of persons with whom the police come into contact." ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989).  Deliberate indifference is established only "when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." ***Connick***, 131 S.Ct. at 1360.  Only then can plaintiffs plausibly establish the requisite direct causal link between the City's action (or inaction) and the deprivation of plaintiffs' civil rights required to impose liability on the City for the acts of its employee. ***Brown***, 117 S.Ct. at 1391.

Even though plaintiffs' have alleged additional facts regarding the training *vel non* provided Mr. Rodriguez and the City's response to his perceived deficiencies as a 911 operator, plaintiffs' claim remains untenable.  Absent any facts suggesting that the City's training policy itself was deficient or inadequate, the fact that Mr. Rodriguez may have required more or different training simply is insufficient to impose liability on the City:

> That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. It may be, for example, that an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.  Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to

---

[4] Allegations of inadequate discipline and/or supervision are treated as failures to train as well. ***Okolo v. Metropolitan Government of Nashville***, 892 F.Supp.2d 931, 943 (M.D. Tenn. 2012).

> respond properly to the usual and recurring situations with which they must deal. And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.

*City of Canton*, 109 S.Ct. at 1206. "[A]bsent evidence of a program-wide inadequacy in training, any shortfall in a single officer's training can only be classified as negligence on the part of the municipal defendant[.]" *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th Cir. 2007) (citation and internal quotation marks omitted). *See also Fraire v. City of Arlington*, 957 F.2d 1268, 1278–79 (5th Cir. 1992) (unconstitutional custom or policy could not be inferred from city's "isolated decision not to discipline a single officer for a single incident of illegality") (internal citations omitted); *Moore v. Town of Erie*, 2013 WL 3786646 at *4 (D. Colo. July 19, 2013) (finding that "one prior incident is insufficient to provide the Town of Erie with the actual or constructive notice that it needed to implement a policy or training program"); *Okolo v. Metropolitan Government of Nashville*, 892 F.Supp.2d 931, 943 (M.D. Tenn. 2012) (no municipal liability claim where plaintiff alleged no "department-wide failure to train"); *Sexton v. Kenton County Detention Center*, 702 F.Supp.2d 784, 791 (E.D. Ky. 2010) (county's "purported failure to discipline a single officer, as opposed to a systematic policy, cannot support a claim of municipal liability. A *Monell* claim will fail where the plaintiff provides evidence as to only a single officer, rather than evidence regarding department-wide inadequacy in training.") (quoting *Meas v. City and County of San Francisco*, 681 F.Supp.2d 1128, 1142 (N.D. Cal. 2010) (internal quotation marks omitted).

Plaintiffs do not identify any specific deficiency in the City's training program for

6

911 operators, but instead allege that the counseling the City did provide Mr. Rodriguez failed to address his shortcomings "in a meaningful way." Of course, "[i]n virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." ***City of Canton***, 109 S.Ct. at 1206. The standard of municipal liability, however, is proximate, not "but for," causation. ***Mann v. Helmig***, 289 Fed. Appx. 845, 850 (6th Cir. July 16, 2008), ***cert. denied***, 129 S.Ct. 767 (2008); ***Spell v. McDaniel***, 824 F.2d 1380, 1388 (4th Cir. 1987), ***cert. denied***, 108 S.Ct. 752 (1988). Although plaintiffs' conclusion that Mr. Rodriguez presented a danger seems foregone with the benefit of hindsight, there is nothing in the Second Amended Complaint to suggest that the City's response to Mr. Rodriguez's handling of the February 2012 call was plainly inadequate at the time. ***See Carr v. Castle***, 337 F.3d 1221, 1231 (10th Cir. 2003) (rejecting failure to train allegations that "partake of the post hoc, ergo propter hoc fallacy"). Indeed, Mr. Rodriguez acknowledged that he knew it was not necessary for plaintiffs to return to Denver to make a police report. Given that admission, plaintiffs simply cannot establish an affirmative link between the City's response to Mr. Rodriguez's handling of that earlier matter and the alleged violation of plaintiffs' substantive due process rights.[5]  ***See id***.

---

[5] To the extent plaintiffs' allegations that the City knew Mr. Rodriguez was a "danger creator" but yet failed to adequately train him state are intended to allege a different theory, I agree with the magistrate judge that such a hybrid theory of liability – which attempts to marry the state-created danger and failure to train branches of municipal liability doctrine – is almost certainly untenable. "The *danger* that the state actor creates or enhances must be differentiated from the *harm* that the private party inflicts. . . . The state actor's affirmative act creating the danger or rendering the victim more vulnerable to it does *not* constitute a constitutional deprivation." ***Gray v. University of Colorado Hosp. Authority***, 672 F.3d 909, 927-28 (10th Cir. 2012) (emphases in original). A hybrid theory of liability would put the City at an even further remove from the constitutional violation, where it would seem difficult – if not impossible – to prove the

7

Nor do I find that these new allegations adequately set forth facts sufficient to plausibly establish that the City acted with deliberate indifference to the need for more of different training.  **See City of Canton**, 109 S.Ct. at 1205.  Nothing in plaintiffs' Second Amended Complaint cures the deficiency I noted in granting the City's prior motion to dismiss – that is, the absence of any suggestion that the February 2012 incident itself resulted in a deprivation of constitutional rights, let alone one closely analogous enough to characterize what happened in this case as "highly predictable or plainly obvious."  **Schneider v. City of Grand Junction Police Department**, 717 F.3d 760, 771 (10th Cir. 2013) (quoting **Barney v. Pulsipher**, 143 F.3d 1299, 1307 (10th Cir. 1998)).  The two incidents are too dissimilar to permit a plausible inference that the City was deliberately indifferent to the need for more or better training than was provided to Mr. Rodriguez.

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Recommendation of United States Magistrate Judge** [#159], filed May 8, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2.  That the objections stated in **Plaintiffs' Objections to Recommendation of United States Magistrate Judge, Doc. #159** [#163], filed May 22, 2014, are **OVERRULED**;

---

direct, affirmative causal link required to sustain a municipal liability claim.

3. That the objections stated in the **Objection in Part to Recommendation of United States Magistrate Judge [Doc. #159]** [#164], filed May 22, 2014, by defendant, the City and County of Denver, are **OVERRULED AS MOOT;**

4. That the **Motion To Dismiss Second Amended Complaint** [#147], filed February 14, 2014, by defendant, the City and County of Denver, is **GRANTED;**

5. That plaintiffs' claims against the defendant, the City and County of Denver, are **DISMISSED WITHOUT PREJUDICE;**

5. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on behalf of defendant, the City and County of Denver, against plaintiffs, Estate of Jimma Pal Reat; James Pal Reat; Rebecca Awok Diag; Ran Pal, Changkuoth Pal; and Joseph Kolong, as to the claims asserted against the City in the **Second Amended Complaint** [#143], filed January 17, 2014; and

6. That defendant, the City and County of Denver, is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly.

Dated September 3, 2014, at Denver, Colorado.

                                **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge